CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 30, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **RICHARD THOMPSON,** ) | |
| Petitioner, ) | Case No. 7:25-cv-00133 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **ANTONIO HASH,** ) | Senior United States District Judge |
| Respondent. ) | |

## MEMORANDUM OPINION

Richard Thompson, an inmate proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention pursuant to an arrest warrant issued by the United States Parole Commission (Parole Commission). For the reasons set forth below, the petition is **DISMISSED** without prejudice for failure to state a cognizable claim for habeas relief.

### I.     Background

According to the petition, Thompson is currently on parole from a life sentence imposed by the United States District Court for the Central District of California on June 27, 1977. Pet., ECF No. 1, at 2. On or about November 25, 2024, police officers executed a search warrant at Thompson's residence in Martinsville, Virginia, "where multiple off-white rock substances were found that . . . later tested positive as crack cocaine and pills." Id. Thompson was subsequently charged with several criminal offenses, including possession with intent to distribute a controlled substance. Id. at 3. According to publicly available information, criminal drug charges remain pending in the Circuit Court for the City of Martinsville. See Commonwealth v. Thompson, Nos. CR25000059-00, CR25000060-00 (Martinsville Cir. Ct.),

available at https://eapps.courts.state.va.us/CJISWeb/MainMenu.do (last accessed Apr. 29, 2025).

As a result of the new criminal charges, the United States Parole Commission issued a warrant for Thompson's arrest on December 19, 2024, and he was taken into custody. Pet. at 3. He is presently confined at the Roanoke City Adult Detention Center. Id. at 1.

Thompson executed the pending petition on February 20, 2025. In the petition, Thompson indicates that he is challenging the Parole Commission's decision to issue an arrest warrant for violating the conditions of his parole "without being found guilty in any court of law." Id. at 2. He emphasizes that he had not yet been convicted of any new criminal offense at the time he was taken into custody pursuant to the warrant. Id. at 4. Because an individual charged with a crime is presumed innocent until proven guilty, Thompson claims that the Parole Commission violated his right to due process by issuing the warrant prior to a finding of guilt. Id. He seeks to be "immediately released pending the resolution of [the] outstanding charges" in state court. Id. at 5.

## II.     Discussion

Thompson filed his petition pursuant to 28 U.S.C. § 2241. To obtain habeas corpus relief under this statute, a prisoner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Thompson's petition indicates that he was taken into custody pursuant to a parole violation warrant issued by the Parole Commission. Although Congress abolished parole for federal offenders effective November 1, 1987, the repeal did not affect offenders convicted prior to that date. Ramsey v. United States Parole Comm'n, 840 F.3d 853, 855 (D.C. Cir. 2016).

Thus, "the Parole Commission continues to exercise jurisdiction over the dwindling number of individuals, like [Thompson], who committed a federal offense before November 1, 1987." Edwards v. Cross, 801 F.3d 869, 871 (7th Cir. 2015). The provisions of the Parole Commission and Reorganization Act (Parole Act), 18 U.S.C. §§ 4201–4218, remain in effect as to such offenders. See Benny v. U.S. Parole Comm'n, 295 F.3d 977, 981 n.2 (9th Cir. 2002); see also United States v. Jackson, 991 F.3d 851, 852–53 (7th Cir. 2021) ("People whose crimes predate November 1, 1987, continue to be governed by the law in force at the time of their offenses, such as the old Chapter 311 of Title 18, which set up a system of parole.").

As relevant here, § 4209 of Title 18 requires the Parole Commission to "impose as conditions of parole that the parolee not commit another Federal, State, or local crime, and that the parolee not possess illegal controlled substances." 18 U.S.C. § 4209(a). Section 4213 provides that "[i]f any parolee <u>is alleged to have violated</u> his parole, the Commission may . . . summon such parolee to appear at a [revocation] hearing" or "issue a warrant and retake the parolee [into custody]." 18 U.S.C. § 4213(a) (emphasis added). A parolee retaken into custody pursuant to a parole violation warrant is entitled to "a preliminary hearing . . . , without unnecessary delay, to determine if there is <u>probable cause to believe</u> that he has violated a condition of parole," and "upon a finding of probable cause . . . , a revocation hearing . . . within sixty days of such determination of probable cause . . . ." 18 U.S.C. § 4214(a) (emphasis added). If the Parole Commission finds "<u>by a preponderance of the evidence</u> that the parolee has violated a condition of his parole," the Parole Commission may take certain actions, including "formally revok[ing] parole." 18 U.S.C. § 4214(d) (emphasis added).

As is clear from the statutory text quoted above, the Parole Act does not require that a parolee be convicted of a new criminal offense before revoking parole, much less before issuing an arrest warrant for an alleged parole violation. Instead, § 4213(a) "expressly authorizes the [Parole] Commission to issue a warrant upon a mere allegation of a parole violation." Sherman v. U.S. Parole Comm'n, 502 F.3d 869, 874 (9th Cir. 2007). "The implementing regulation is in accord, adding only that 'satisfactory evidence' of the alleged violation is required." Id. (quoting 28 C.F.R. § 2.44(a)). The regulation further provides that a warrant or summons "shall be issued as soon as practicable after the alleged violation is reported" to the Parole Commission. 28 C.F.R. § 2.44(b). Thus, the Parole Commission did not violate the Parole Act or the implementing regulation by issuing an arrest warrant prior to the resolution of the state criminal charges.

Thompson's due process claim fares no better. In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court held that "the full panoply of rights due a defendant in [a criminal prosecution] does not apply to parole revocations" because "the revocation of parole is not part of a criminal prosecution." Id. at 480. "Instead, the Court identified a limited set of constitutional protections that apply in a revocation proceeding." United States v. Ward, 770 F.3d 1090, 1098 (4th Cir. 2014). The protections include, among others, "notice of the alleged parole violations and the parolee's rights; an opportunity for a prompt informal preliminary hearing near the place of arrest, at which an independent administrative officer must determine whether probable cause exists for the parolee's continued detention pending a final decision on revocation; and an opportunity for a final [revocation] hearing—not rising to the level of a criminal trial—to determine whether revocation is warranted." Sherman, 502 F.3d at 880

4

(citing Morrissey, 408 U.S. at 485–89). "The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody." Morrissey, 408 U.S. at 488; see also id. (noting that "[a] lapse of two months . . . would not appear to be unreasonable").

Thompson does not contend that he was deprived of any of the protections outlined in Morrissey. He claims only that the Parole Board did not have authority to issue a parole violation warrant prior to a finding of guilt on the charges pending in state court. However, the "limited set of constitutional protections identified in Morrissey does not include the right to have a jury determine relevant facts beyond a reasonable doubt." Ward, 770 F.3d at 1098; see also United States v. Hernandez-Servera, 458 F. App'x 674, 675 (9th Cir. 2011) (emphasizing that "due process does not require parole violations to be found by a jury or proven beyond a reasonable doubt") (citing Morrissey, 408 U.S. at 483–85, 489). Consequently, "the Parole Commission may find a parole violation based upon its own finding of new criminal conduct even if (1) the parolee is later acquitted of all charges arising from the same conduct, (2) all criminal charges arising from the same conduct are dismissed prior to trial, or (3) the parolee's criminal conviction is subsequently overturned." Taylor v. U.S. Parole Comm'n, 734 F.2d 1152, 1155 (6th Cir. 1984) (citations omitted); see also Poirier v. Doyle, 40 F. App'x 211, 213 (7th Cir. 2002) (explaining that the "revocation of parole [may be] based on criminal conduct for which the defendant was acquitted"). It follows that the Parole Commission has no constitutional obligation to wait for criminal proceedings to conclude before issuing a parole violation warrant. See Fillingham v. United States, 867 F.3d 531, 537–38 (5th Cir. 2017) ("To lawfully revoke parole, the government is not required to have an arrest, a charge, and ultimately a conviction for a new criminal offense.").

### III.   Conclusion

For the reasons stated, the court concludes that Thompson's petition fails to state a cognizable claim for federal habeas relief. Accordingly, the petition is **DISMISSED** without prejudice.[*]

An appropriate order will be entered.

Entered: April 29, 2025

Michael F. Urbanski
U.S. District Judge
2025.04.29
17:03:16 -04'00'

Michael F. Urbanski
Senior United States District Judge

---

[*] As explained above, Thompson's petition does not identify any federal statutory or constitutional basis for habeas relief under § 2241. If Thompson believes that he has been deprived of any of the procedural protections required by Morrissey or the Parole Act, he may file a new petition setting forth specific facts in support of his claim that he is being held in custody in violation of federal law.